UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | | |
|---|---|---|
| KING TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2:19-138-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| POPEYE'S CHICKEN, ET AL., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff King Taylor is a resident of Covington, Kentucky. Proceeding without a lawyer, Taylor recently filed a one-page, handwritten complaint with this Court [R. 2], along with a motion for leave to proceed *in forma pauperis* [R. 1]. The Court has conducted an initial review of Taylor's complaint and, for the reasons set forth below, will dismiss it and strike this action from the docket.

Taylor's complaint is very difficult to understand. To be sure, Taylor is clearly suing a Popeyes chicken restaurant in Covington, as well as an individual named Tamira Allen, and he complains about being arrested at the restaurant on October 5, 2018. [R. 2]. Taylor then suggests that the initial allegations against him—whatever they were—are false. [*See id.*]. However, beyond that, Taylor's submission is too difficult to follow. After all, Taylor simply says:

> Perjury, complicity, conspiracy, bribery, and the usage of marijuana in the women's restroom is the motive behind this long and fabricated incident that took place at the establishment 10/05/18. The smell was potent and noticeable upon entrance of the establishment. This action clearly came from the workers upon Mr. Taylor's order not being taken and prolonged until employee was seen exiting the women's restroom.

[*Id.*]. Ultimately, Taylor says that he is "filing for defamation of character civil matter" and says that he "would like to be re-emburst [sic] for all drug testing fees loss of housing wrongful arrest

based upon false allegations and or jail time including loss wages and or punitive damages." [*Id.*]. Taylor also moves for leave to proceed *in forma pauperis*. [R. 1].

As an initial matter, the Court will grant Taylor's fee motion and allow him to proceed as a pauper. That is because the financial information Taylor has provided indicates that he lacks enough assets or income to pay the filing and administrative fees in this case.

That said, the Court has conducted an initial review of Taylor's complaint pursuant to 28 U.S.C. § 1915(e)(2), and it will dismiss that complaint for multiple reasons. For starters, it does not appear that this Court even has subject matter jurisdiction over this action. That is because Taylor appears to be pursuing state law defamation claims against the defendants, and there is no indication that diversity of citizenship exists in this case. Moreover, even if this Court did have subject matter jurisdiction, Taylor's complaint clearly fails to state a claim upon which relief may be granted. After all, Taylor has not clearly described the facts of his case or explained specifically what each defendant did or failed to do to cause him harm; in fact, most of Taylor's allegations are either unintelligible or pure legal conclusions that are unsupported by ultimate facts. Simply put, Taylor's barebones complaint is not enough to survive this Court's initial screening.

Accordingly, it is **ORDERED** as follows:

1. Taylor's motion for leave to proceed *in forma pauperis* [R. 1] is **GRANTED** and payment of the filing and administrative fees is **WAIVED**.

2. That said, Taylor's complaint [R. 2] is **DISMISSED** on initial screening pursuant to 28 U.S.C. § 1915(e)(2).

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This 9th day of October, 2019.



Signed By:
*William O. Bertelsman*   WOB
United States District Judge